UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE: CRISOR A. BOYARD,

|  |  |
|---|---|
| Debtor. | Case No.: 1-13-44501-nhl<br>Chapter 7 |

_____/

|  |  |
|---|---|
| REGIS MUNOZ, | COMPLAINT OBJECTING TO<br>DISCHARGEABILITY OF DEBT<br> AND TO DISCHARGE |
| Plaintiff<br>v. | Adv. Pro. No. 13-ap- |
| CRISOR A. BOYARD, | |
| Defendant. | |

_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND OBJECTION TO DISCHARGE

### COUNT I - §523(a)(2)(A)

Plaintiff, Regis Munoz, hereinafter "Munoz," through his undersigned attorney, sues defendant, Crisor A. Boyard, hereinafter "Boyard," pursuant to 11 U.S.C. §§523(a)(2)(A), (a)(4) and (a)(6) and §§727(a)(2)(A) and (a)(4) and alleges as follows:

ALLEGATIONS COMMON TO ALL COUNTS

PROCEDURAL BACKGROUND

1. On July 23, 2013, the defendant filed a voluntary petition for relief pursuant to Chapter 7, Title 11, U.S.C., and thereafter an order for relief was entered.

2. Prior to the filing of the petition, Boyard and Munoz entered into a business relationship. The specific details of that relationship are outlined in paragraphs seven

through fourteen below. On or about May 1, 2010, Boyard and Munoz entered into an Arbitration Agreement. The Agreement required arbitration of all disputes arising under it. After significant disputes arose between the parties, Munoz filed a petition with the International Centre for Dispute Resolution. The proceeding was styled: Re: 50 117 T 00337 11, *Regis Munoz and Cecilia Aubry vs. Crisor A. J. Boyard.* On February 21, 2012, an Award of Arbitrator ("Award") was entered in favor of Munoz awarding him $190,000.00 in damages and also fees and costs of $11,862.50. A copy of the Award is attached as "Exhibit 1."

3. Munoz then filed a Petition to Confirm Arbitration Award in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. On April 8, 2013, the Ninth Judicial Circuit entered an Order Confirming Arbitration Award.

4. On April 12, 2013, Boyard executed three Quit Claim Deeds for the transfer of real property to his mother, Esvline Guerin. These deeds were recorded in the public records of Orange County, Florida on April 15, 2013. Copies are attached as "Exhibit 2." Each deed states that the consideration for the transfer is "love and affection."

5. When asked by the trustee in this case at the §341 meeting of creditors as to why Boyard transferred the deeds to his mother in April of this year, Boyard responded "I received a correspondence from Mr. Munoz's attorneys."

6. On or about May 30, 2013, Munoz filed an Impleader Complaint Against Third Party Esvline Guerin seeking recovery of the transferred lots. That proceeding was stopped by the filing of the instant Chapter 7 case by Boyard.

## HISTORY OF PARTIES' BUSINESS RELATIONSHIP

7. The history of the parties' prepetition relationship and business dealings are outlined in great detail in pages two through four of the Award. The following paragraphs (8 – 14) are primarily a restatement of the factual allegations found by the arbitrator in those pages and thus plaintiff will not provide a specific citation to the Award for each of the following statements.

8. Munoz is an engineer and inventor residing in France. Munoz invented a charger for alkaline disposable batteries ("battery charger"). In January, 2009, lacking the funds with which to produce and market his invention, Boyard induced Munoz to transfer the exclusive rights to the technology for the battery charger to a Florida limited partnership formed by Boyard called Avendale Investments LLP. Boyard promised Munoz that Avendale would invest in and market the battery charger. The transfer was completed by a document signed by Munoz and Boyard entitled "Technology and Know-How Transfer Agreement (translated English version of original French name).

9. Munoz transferred his rights to the battery charger in reliance upon Boyard's promise to invest $250,000.00 to develop the battery charger for commercial sale, to give Munoz a 20% interest in the partnership, to pay Mr. Munoz royalties from sales of the charger, and to give Munoz a 10% interest in a French company, Innov-Nature.

10. The promised consideration was illusory. Except for a partial royalty payment made on the sale of a single battery charger (which came about entirely through the efforts of Munoz), Boyard paid no money to Munoz. Additionally, at the time that Boyard offered Munoz a share in Innov-Nature, that entity was defunct and worthless.

Following this initial deception, Boyard's promised investment in the battery charger was never made.

11. After many months of inaction and stonewalling in response to the repeated inquiries made by Munoz, Boyard advised Munoz in 2010 that Avendale Investments LLP would be restructured as a new entity that Boyard created in Florida called Avendale Technology, LLC ("Avendale") in which Munoz would have an increased share. Boyard took a 50% interest in Avendale, Munoz was given a 49% interest and another person, Cecilia Aubry was given a 1% interest.

12. Munoz, through his own efforts, found investors in France who were willing to purchase battery chargers from Avendale for resale to French customers and helped to create a French company called Soprelec for that purpose. A total of 8,640 battery chargers were eventually manufactured in China for Avendale, which Avendale then sold to Soprelec.

13. Avendale's bank records reflect that at least $36,000.00 was converted by Boyard for his and various family members' personal use for such things as large cash withdrawals, groceries, a car purchase and repairs, mortgage payments, and Ralph Lauren clothing. Boyard also secretly used funds from Avendale to make large payments to his relatives. Boyard never invested any money into developing and marketing the battery charger as he had promised to do and which was the purpose for which Munoz transferred his technology.

14. Munoz has retained the undersigned to enforce his rights under the Award of Arbitrator and is obligated to pay the undersigned a reasonable fee for its services.

Boyard is liable to Munoz for all such fees and costs pursuant to Fla. Stat. §§56.29(11) and 57.115(1).

## COUNT I - §523(a)(2)(A)

15. This is a complaint objecting to the dischargeability of a debt pursuant to 11 U.S.C. §§523(a)(2)(A), (a)(4) and (a)(6). This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(a) and §1334(a). This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(I).

16. Munoz incorporates by reference and re-alleges the allegations contained in paragraphs one through fourteen above.

17. Boyard obtained the rights to the technology owned by Munoz through false representations and actual fraud, including the representation to Munoz that Boyard had the intention and financial ability to invest in and develop the battery charger. Munoz reasonably relied to his detriment on these fraudulent representations.

18. Boyard fraudulently induced Munoz to enter into the Technology and Know-How Transfer Agreement by promising to invest $250,000.00 to develop the battery charger for commercial sale; to give Munoz a 10% interest in Innov-Nature which was a defunct and worthless entity; and by making other promises which Boyard never intended to honor.

WHEREFORE, plaintiff requests the entry of a final judgment: determining that any and all debt, including attorney's fees and costs, owed by defendant to plaintiff be excepted from the defendant's discharge pursuant to 11 U.S.C. §523(a)(2)(A) and granting such other relief as is appropriate.

## COUNT II - §523(a)(4)

19. Munoz incorporates by reference and re-alleges the allegations contained in paragraphs one through fourteen above.

20. After the formation of Avendale Technology, LLC, Boyard opened a bank account for the company. Boyard was the only person who could sign on the account. Boyard thus had a fiduciary obligation to Munoz to account for the funds which were deposited into that account.

21. In the Arbitration Award, the arbitrator found that Boyard treated "Avendale as his own personal piggybank and with complete disregard for the legal and fiduciary obligations he owed to Munoz." *Award* at pg. 4. Boyard withdrew at least $36,000.00 from Avendale's bank account and used those funds for his own personal use.

22. Boyard thus embezzled at least $36,000.00 from Avendale's bank account.

WHEREFORE, plaintiff requests the entry of a final judgment:
determining that any and all debt, including attorney's fees and costs, owed by defendant to plaintiff be excepted from the defendant's discharge pursuant to 11 U.S.C. §523(a)(4) and granting such other relief as is appropriate.

## COUNT III - §523(a)(6)

23. Munoz incorporates by reference and re-alleges the allegations contained in paragraphs one through fourteen above.

24. Boyard also committed willful and malicious injury to Munoz' interest in Avendale when he converted at least $36,000.00 from Avendale's bank account and used those funds for his own personal use.

WHEREFORE, plaintiff requests the entry of a final judgment:

determining that any and all debt, including attorney's fees and costs, owed by defendant to plaintiff be excepted from the defendant's discharge pursuant to 11 U.S.C. §523(a)(6) and granting such other relief as is appropriate.

## COUNT IV- §727(a)(2)(A)

25. This is a complaint objecting to the debtor receiving a discharge pursuant to 11 U.S.C. §§727(a)(2)(A) and (a)(4). This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(a) and §1334(a). This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(J).

26. Munoz incorporates by reference and re-alleges the allegations contained in paragraphs one through fourteen above.

27. The transfer by Boyard of the three lots to his mother for no consideration within one year prior to the filing of his petition was done with the intent to hinder, delay and defraud Munoz and the bankruptcy estate.

WHEREFORE, plaintiff requests the entry of a final judgment determining that Boyard is not entitled to the entry of a discharge in this case pursuant to 11 U.S.C. §727(a)(2)(A) and granting such other relief as is appropriate.

## COUNT V- §727(a)(4)

28. This is a complaint objecting to the debtor receiving a discharge pursuant to 11 U.S.C. §727(a)(4). This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157(a) and §1334(a). This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(J).

29. Munoz incorporates by reference and re-alleges the allegations contained in paragraphs one through fourteen above.

30. In the Statement of Affairs filed by Boyard in this case (copy attached as "Exhibit 3") Boyard failed to state in response to question 4 regarding the existence of lawsuits within the one year prior to the filing of the petition the proceedings before the International Centre for Dispute Resolution.

31. In response to question 18 of Statement of Affairs, Boyard indicated that he had not been involved in any businesses within the six years prior to the filing of the petition. No mention was made of the extensive business dealings and the partnership with Munoz; the existence of the French company, Innov-Nature; the Florida limited partnership, Avendale Investments LLP; and the Florida limited liability company, Avendale Technology, LLC of the three lots to his mother for no consideration within one year prior to the filing of his petition was done with the intent to hinder, delay and defraud Munoz and the bankruptcy estate.

32. Boyard signed the Statement of Affairs under penalty of perjury.

33. Boyard's knowing and fraudulent omission of the information referenced above constitutes the making of a false oath or account in connection with this case.

WHEREFORE, plaintiff requests the entry of a final judgment determining that

Boyard is not entitled to the entry of a discharge in this case pursuant to 11 U.S.C.

§727(a)(4) and granting such other relief as is appropriate.

RUFF & COHEN, P.A.
4010 Newberry Road, Suite G
Gainesville, FL  32607
(352) 376-3601
Attorneys for Regis Munoz, Plaintiff

By:_____
    Lisa C. Cohen
    FL Bar #558291